**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE CONTRERAS AND** | § | |
| **MARIA CONTRERAS** | § | **CIVIL ACTION NO. 4:19-cv-1161** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JURY DEMANDED** |
| **INSURANCE COMPANY** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("United Property" or "Defendant"), Defendant herein, removes to this Court the state court action pending in the County Court at Law No. 1 of Harris County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### I.     BACKGROUND

1.     On February 25, 2019, Plaintiffs Jose and Maria Contreras ("Plaintiffs") filed the present action in the County Court at Law No. 1 of Harris County, Texas, bearing Cause No. 1128593 (the "State Court Action") against United Property. *See* State Court Action Petition, attached hereto as **Exhibit B**.

2.     United Property was served/received notice of this lawsuit on February 28, 2019. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendant, as it is filed not more than thirty (30) days after service of the Petition on United Property, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

3.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because:  (1) there is complete diversity between Plaintiffs and United Property, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    Complete diversity exists between Plaintiffs and United Property.**

4.      Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Plaintiffs are citizens of Texas. In their Petition, Plaintiffs allege that they reside in Harris County, Texas, and are the named insureds on a property insurance policy covering their real property located in Pasadena, Texas.[1]

6.      United Property is not a citizen of the State of Texas. United Property is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business is in Florida.

7.      Thus, there is complete diversity of citizenship between Plaintiffs and United Property.

**B.    Amount in Controversy Exceeds $75,000.**

8.      Plaintiffs' Original Petition contains the following assertions pertaining to the amount in controversy:

> As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs are seeking monetary relief of less than $100,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.[2]

> The total sum or value in controversy in this lawsuit does not exceed $75,000.00, including but

---

[1] *See* Exhibit B, at Plaintiffs' Original Petition, ¶¶ 2 and 9.
[2] *Id*. at ¶ 42.

not limited to actual damages, punitive or exemplary damages, penalty interest, attorneys' fees, and any additional damages, but exclusive of interest and costs as defined by 28 U.S.C. 1332.[3]

Plaintiffs reserve the right to prove the amount of damages at trial.[4]

However, Texas law does not permit a plaintiff to plead a specific amount of damages.[5] Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the Rule does not permit a plaintiff to plead that the amount in controversy does not exceed $75,000.00.[6] Plaintiffs' Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure. A bare assertion in a pleading that damages do not exceed $75,000.00, without more, is not binding on Plaintiffs and does not determine the amount in controversy for purposes of federal jurisdiction.[7] This is especially true in light of the statements in the preceding paragraph that the amount in controversy is less than $100,000.00 and that Plaintiffs' seek pre and post-judgment interest at the highest legal rate.[8]

9.      Courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[9] Here, this analysis plainly sets the amount in controversy past the $75,000.00 threshold for this Court's

---

[3] *See* Petition, at ¶ 43.

[4] *Id*. at ¶ 44.

[5] TEX. CIV. P. 47(b)-(c).

[6] *See* Plaintiff's Original Petition, **Exhibit B**, at ¶ 48; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. United Parcel Service, Inc. (Ohio)*, No. 3:14-cv-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000"); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) (Alvarez, J.) (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000); *Manesh v. Nationwide General Insurance Company*, No. 5:17-CV-1213-DAE, 2018 WL 1887291, at *2 (W.D. Tex. Mar. 2, 2018) (Ezra, D.) (finding that the language in plaintiffs state court petition "damages are less than $75,000, exclusive of interest and costs," did not control because it violated TRCP 47 and constituted bad faith).

[7] *Ford v. United Parcel Service (Ohio)*, 2014 WL 41059565 at *4; *Manesh v. Nationwide General Insurance Company*, 2018 WL 1887291 at *2.

[8]

[9] *See Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

jurisdiction.[10]

10.     Plaintiffs' pre-suit demand states their damages are as follows: $46,020.55 in actual damages; $3,000.00 in attorneys' fees incurred up to the date of the letter; and $3,000.00 in mental anguish.[11] The demand goes on to state that if the demand is not paid within 60 days of United Property's receipt of the letter, they "will seek to recover a significant amount of additional damages including, but not limited to extra-contractual damages, additional attorneys' fees, statutory interest, court costs, and exemplary damages."[12] Plaintiffs' Petition asserts causes of action for Breach of Contract, violations of Chapter 542 of the Texas Insurance Code-Prompt Payment provision, violations of Chapter 541 of the Texas Insurance Code, fraud, and violations of the Texas Deceptive Trade Practices Act.[13] Further, Plaintiffs seek the recovery of attorneys' fees, statutory interest, and treble damages.[14]

11.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibits B** and **C.**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.   VENUE

12.     Venue for removal is proper in this district and division because this district embraces the County Court at Law No. 1 of Harris County, Texas, the forum in which the removed action was pending.

---

[10] *See* **Exhibit C**, Plaintiffs' demand letter dated December 13, 2018; *see also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).
[11] **Exhibit C**, at P. 3.
[12] *Id.*
[13] *See* Plaintiffs' Original Petition, at ¶¶ 28-38.
[14] *Id.* at ¶¶ 38-41.

## IV.   ATTACHMENTS

13.     United Property will promptly provide written notice to Plaintiffs through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiffs' counsel of record, and to the Clerk of the Court for the County Court at Law No. 1 of Harris County, Texas, through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

14.     Copies of all pleadings, process, order, requests for trial by jury, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

15.     The following documents are being filed with this Court as exhibits to this Notice of Removal:

    **A.**     **Index of Matters Being Filed;**

    **B.**     **All executed process in this case, including a copy of the Plaintiffs' Original Petition and a copy of Defendant's Original Answer;**

    **C.**     **Plaintiffs' Demand Letter;**

    **D.**     **List of all Counsel of Record; and**

    **E.**     **Civil Cover Sheet.**

## V.     CONCLUSION

16.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant, United Property & Casualty Insurance Company, respectfully prays that the state court action be removed and placed on this Court's docket for further

proceedings as though it had originated in this Court and that this Court issue all necessary orders. United Property further requests any additional relief to which it may be justly entitled.

DATE: March 29, 2019.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Texas State Bar No. 24056346
    Sarah C. Plaisance
    Texas State Bar No. 24102361
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    sarah.plaisance@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT,
    UNITED PROPERTY & CASUALTY
    INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on March 29, 2019, via e-filing addressed to:

Matthew M. Zarghouni                    ***Via E-serve***
Zar Law Firm
3900 Essex Lane, Suite 1011
Houston, Texas 77027
Matt@zar-law.com
*Attorney for Plaintiffs*

*/s/ Sarah R. Smith*
Sarah R. Smith