## CIVIL CASE INFORMATION SHEET

2/25/2019 3:21 PM
Diane Trautman
County Clerk
Harris County

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 1128593

COURT *(FOR CLERK USE ONLY)*:
Harris County - County Civil Court at Law No. 1

STYLED JOSE AND MARIA CONTRERAS v UNITED PROPERTY & CASUALTY INSURANCE COMPANY

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Matthew M. Zarghouni **Email:** matt@zar-law.com **Address:** 3900 Essex Lane, Ste 1011 **Telephone:** 346-980-6600 **City/State/Zip:** Houston, TX 77027 **Fax:** 281-888-3150 **Signature:** /s/Matthew Zarghouni **State Bar No:** 24086085 | Plaintiff(s)/Petitioner(s): Jose Contreras Maria Contreras ⎯⎯⎯ Defendant(s)/Respondent(s): United Property & Casualty Insurance Company ⎯⎯⎯ ⎯⎯⎯ [Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: _____ **Additional Parties in Child Support Case:** Custodial Parent: _____ Non-Custodial Parent: _____ Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☒Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: ⎯⎯⎯ | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ⎯⎯⎯ ☐Other Injury or Damage: ⎯⎯⎯ | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: ⎯⎯⎯ | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: _____ | ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: _____ | ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Paternity/Parentage ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

**EXHIBIT B**

**1128593**

Harris County - County Civil Court at Law No. 1

2/25/2019 3:21 PM
Diane Trautman
County Clerk
Harris County

CAUSE NO. _____

| | | |
|---|---|---|
| JOSE CONTRERAS AND MARIA CONTRERAS | § § § | IN THE COUNTY COURT |
| | § § | |
| *PLAINTIFFS,* | § § | |
| | § § | HARRIS COUNTY, TEXAS |
| VS. | § § | |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | |
| *DEFENDANT.* | § | COUNTY COURT AT LAW_____ |

---

## PLAINTIFFS' ORIGINAL PETITION, AND DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Jose Contreras and Maria Contreras ("Plaintiffs"), and file this **Plaintiffs' Original Petition** complaining of United Property & Casualty Insurance Company ("Defendant"), and for cause of action, Plaintiffs would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1.       Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2.       Plaintiffs, Jose and Maria Contreras, reside in Harris County, Texas at 1902 Crestwood Lane, Pasadena, TX 77502.

3.       Defendant, United Property & Casualty Insurance Company, is an insurance company doing business in Texas and may be served through its attorney for service, CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, TX 75201.

**EXHIBIT B**

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13



**EXHIBIT B**

**C.  JURISDICTION**

4.      The Court has jurisdiction over United Property & Casualty Insurance Company because United Property & Casualty Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

**D.  VENUE**

5.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

**E.  CONDITIONS PRECEDENT AND NOTICE**

6.      All conditions precedent to recovery have been performed, waived, or have occurred.

7.      Defendant has received a pre-suit notice complying with the Texas Insurance Code § Section 542A.003.

**F.  AGENCY AND *RESPONDEAT SUPERIOR***

8.      Whenever in this petition it is alleged that United Property & Casualty Insurance Company did any act or omission, it is meant that United Property & Casualty Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of United Property & Casualty Insurance Company or done in the normal routine, course, and scope of the agency or employment of United Property & Casualty Insurance Company or its agents, officers, servants, employees, or representatives.

**G.  FACTS**

9.      Plaintiffs are named insureds under a property insurance policy— 43100082668300 (the "Policy")—issued by United Property & Casualty Insurance Company. The Policy insures, among other things, against losses from hurricane damage to Plaintiffs' property, namely, the real property and improvements located at 1902 Crestwood Lane, Pasadena, TX  77502 (the "Property").

**EXHIBIT B**

10.     On or about August 26, 2017, during the policy period, the hurricane Harvey caused damage to the Property that was covered under the Policy. The hurricane caused extensive damage to the Property, including but not limited to, damage to the roof and fence of their home.

11.     Plaintiffs noticed damage to the Property and contacted United Property & Casualty Insurance Company to notify United Property & Casualty Insurance Company of the damage.

12.     Plaintiffs submitted a claim, 2018TX124552, to United Property & Casualty Insurance Company against the Policy for all roof damage, water damage, and wind damage the Property sustained because of the hurricane. Plaintiffs reported missing shingles and fans blown away and roof damage and leaks.

13.     Plaintiffs asked that United Property & Casualty Insurance Company honor its contractual obligations to cover the cost of repairs to the Property.

14.     United Property & Casualty Insurance Company assigned Jason Malley ("Malley") to adjust the claim. United Property & Casualty Insurance Company and Malley conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation. Malley failed to fully inspect all damage to the Property.

15.     Despite obvious, visible hurricane damage, Malley, on his behalf and on behalf of United Property & Casualty Insurance Company, verbally misrepresented to Plaintiffs at the time of the inspection and thereafter that the Property had no hurricane-related damage and refused to acknowledge the missing, torn, and loose shingle tabs existed all over the roof. Malley repeated this misrepresentation, again on his own behalf and on behalf of United Property & Casualty Insurance Company, in a letter to Plaintiffs dated October 14, 2018.

16.     Together, therefore, United Property & Casualty Insurance Company and Malley set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiffs'

**EXHIBIT B**

claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

17. Defendant United Property & Casualty Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiffs. United Property & Casualty Insurance Company's conduct constitutes a breach of the insurance contract between United Property & Casualty Insurance Company and Plaintiffs.

18. Even though the Property sustained obvious damage caused by a covered occurrence, Defendant misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy.

19. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.

20. Defendant refused to adequately compensate Plaintiffs under the terms of the Policy and failed to conduct a reasonable investigation of the claim.

21. Defendant failed to offer Plaintiffs a reasonable explanation for why Plaintiffs' claim was denied.

22. Defendant, United Property & Casualty Insurance Company, failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim.

23. Defendant, United Property & Casualty Insurance Company, failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information.

24. Defendant, United Property & Casualty Insurance Company, delayed full payment of

**EXHIBIT B**

Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for Plaintiffs' claim.

25.     Since the time Plaintiffs' claim was presented to Defendant United Property & Casualty Insurance Company, the liability of United Property & Casualty Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, United Property & Casualty Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of United Property & Casualty Insurance Company's duty of good faith and fair dealing.

26.     Defendant knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant knowingly concealed all or part of material information from Plaintiffs.

27.     Plaintiffs have suffered damages because of Defendant's actions described above. The mishandling of Plaintiffs' claims also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

### H.  CAUSES OF ACTION

28.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.     Breach of Contract**

29.     Defendant had a contract of insurance with Plaintiffs. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claims and Plaintiffs were damaged thereby.

**II.     Prompt Payment of Claims Statute**

30.     The failure of Defendant to pay for Plaintiffs' losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

**EXHIBIT B**

31.     Plaintiffs, therefore, in addition to Plaintiffs' claims for damages, are entitled to interest and attorneys' fees as set forth in § 542.060 of the Texas Insurance Code.

**III.     Bad Faith/DTPA**

32.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

33.     Defendant violated § 541.051 of the Texas Insurance Code by:

1)     making statements misrepresenting the terms and/or benefits of the policy.

34.     Defendant violated § 541.060 by:

1)     misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs respective claims with respect to which the insurer's liability had become reasonably clear;

3)     failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of their respective claims or offer of a compromise settlement of a claim;

4)     failing within a reasonable time to affirm or deny coverage of Plaintiffs' respective claims or submit a reservation of rights to Plaintiffs; and

5)      refusing to pay the claims without conducting reasonable investigations with respect to the claims;

35.     Defendant violated § 541.061 by:

1)     making an untrue statement of material fact;

2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3)     making a statement in a manner that would mislead a reasonably prudent person

**EXHIBIT B**

to a false conclusion of a material fact;

    4)     making a material misstatement of law; and

    5)     failing to disclose a matter required by law to be disclosed.

36.    At all material times thereto, Plaintiffs were a consumer who purchased insurance products and services from Defendant.

37.    Defendant has violated the Texas Deceptive Trade Practices Act (the "DTPA") in the following respects:

    1)     Defendant represented that the agreements confer or involve rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    2)     Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumers into a transaction that the consumers would not have entered had the information been disclosed;

    3)     Defendant by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)-(3) in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

38.    Defendant knowingly committed the acts complained of. Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**IV.   Attorney's Fees**

39.    Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

**EXHIBIT B**

40.     Plaintiffs are entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

41.     Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**I.  DAMAGES AND STATEMENT OF RELIEF AND STIPULATION OF DAMAGES**

42.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs are seeking monetary relief of less than $100,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post- judgment interest at the highest legal rate.

43.     The total sum or value in controversy in this lawsuit does not exceed $75,000.00, including but not limited to actual damages, punitive or exemplary damages, penalty interest, attorneys' fees, and any additional damages, but exclusive of interest and costs as defined by 28 U.S.C. 1332.

**J. RESERVATION OF RIGHTS**

44.     Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend his petition to add additional counts upon further discovery and as investigation continues.

**EXHIBIT B**

### K. JURY DEMAND

45.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tenders the appropriate jury fee.

### L.  DISCOVERY REQUESTS

46.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

47.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days, in accordance with the instructions stated therein.

### M. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Jose Contreras and Maria Contreras, pray that, upon final hearing of the case, they recover all damages from and against Defendant, United Property & Casualty Insurance Company, that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**
*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFFS**

**EXHIBIT B**

**CERTIFICATE OF SERVICE**

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant as an attachment to the Original Petition. Therefore, Defendant would have received it when it was served with the citation.

*/s/Matthew M. Zarghouni*
Matthew Zarghouni

**EXHIBIT B**

### <u>INSTRUCTIONS</u>

A.    These discovery requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above to Zar Law Firm.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

    1.  Identify the document's title and general subject matter;
    2.  State its date;
    3.  Identify all persons who participated in its preparation;
    4.  Identify the persons for whom it was prepared or to whom it was sent;
    5.  State the nature of the privilege claimed; and
    6.  State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. **Interrogatories must be answered under oath and supported by an affidavit.**

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    1.  You know the response made was incorrect or incomplete when made; or
    2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

**EXHIBIT B**

## DEFINITIONS

A.    **"Defendant," "United Property & Casualty Insurance Company," "You," "Your(s),"** refers to UNITED PROPERTY & CASUALTY INSURANCE COMPANY, its agents, representatives, employees and any other entity or person acting on its behalf.

B.    **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.    **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D.    **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.    **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.    **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.    "**Handle**" or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.    **"Lawsuit"** refers to the above styled and captioned case.

I.    **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.    The term "**Document**" shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

**EXHIBIT B**

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.     The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.     The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.     The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents**: Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.     The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.    The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## <u>NOTICE OF AUTHENTICATION</u>

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

**EXHIBIT B**

<u>**INTERROGATORIES TO DEFENDANT**</u>

<u>**UNITED PROPERTY & CASUALTY INSURANCE COMPANY**</u>

<u>**INTERROGATORY NO. 1:**</u>

Identify all persons answering or supplying any information in answering these interrogatories.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 2:**</u>

Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

      a.    their name and job title(s) as of the Date of Loss;
      b.    their employer; and
      c.    description of their involvement with Plaintiff's Claim.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 3:**</u>

If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
      b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 4:**</u>

State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 5:**</u>

If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**EXHIBIT B**

**ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation,

**EXHIBIT B**

stating for each item the criteria used and the age of the item.

**ANSWER:**



## REQUESTS FOR PRODUCTION TO DEFENDANT
## UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

**EXHIBIT B**

**REQUEST FOR PRODUCTION NO. 7**

Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail hurricane claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**EXHIBIT B**

**REQUEST FOR PRODUCTION NO. 13**

Produce all estimates, drafts of those estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**

Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**

To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**

**EXHIBIT B**

## REQUEST FOR ADMISSIONS TO DEFENDANT
## UNITED PROPERTY & CASUALTY INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windhurricane.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailhurricane.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 6:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**RESPONSE:**


**EXHIBIT B**

**REQUEST FOR ADMISSION NO. 7:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**EXHIBIT B**

**REQUEST FOR ADMISSION NO. 13:**

Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**EXHIBIT B**



# OFFICE OF DIANE TRAUTMAN
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1128593**
**Receipt Number:      Date:    Sheriff/Constable Fee: $**

JOSE CONTRERAS, ET AL
**Plaintiff**                                    In The County Civil Court at Law No. 1
**VS.**                                          201 Caroline #500
UNITED PROPERTY & CASUALTY INSURANCE             Houston, Tx 77002
COMPANY
**Defendant**

### THE STATE OF TEXAS
### ORIGINAL  PETITION ADMS, DISC, INTER, PROD CITATION

To:    United Property & Casualty Insurance Company is a company and may be served through its attorney for service:
       CT Corporation System
       1999 Bryan Street, Ste 900
       Dallas, TX  75201

Attached is a copy of petition.
This instrument was filed on the **25th day of February, 2019,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 26th day of February, 2019

(Seal)                                           Diane Trautman, County Clerk
                                                 County Civil Court at Law No. 1
                                                 201 Caroline, Suite 300
                                                 Harris County, Texas

                                                 _____
                                                 William R. Wilson
                                                 Deputy County Clerk

Requested    MATTHEW ZARGHOUNI
By:          ZAR LAW FIRM
             3900 ESSEX LANE STE 1011
             HOUSTON, TX  77027

**EXHIBIT B**

**Harris County - County Civil Court at Law No. 1**

# CIVIL PROCESS REQUEST FORM

2/25/2019 3:21 PM
Diane Trautman
County Clerk
Harris County

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____ 1128593 _____       **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  Citation, Petition and Discovery Requests

**FILE DATE OF MOTION:** _____   2      25      2019
                                        Month/   Day/    Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME:   United Property & Casualty Insurance Company

    ADDRESS:  1999 Bryan Street, Ste 900, Dallas, TX 75201

    AGENT, (if applicable):  CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Santiago Legal Servicing __ Phone: (972) 497-2122
- ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

**ATTENTION:  Effective June 1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Santiago Legal Servicing __ Phone: (972) 497-2122
- ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

**EXHIBIT B**

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Matthew Zarghouni                          TEXAS BAR NO./ID NO.   24086085

MAILING ADDRESS:  3900 Essex Lane, Ste 1011, Houston, TX  77027

PHONE NUMBER:   346        980-6600           FAX NUMBER:    281      888-3150
                 _area code_   _phone number_                  _area code_   _fax number_

EMAIL ADDRESS:   matt@zar-law.com

> SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

__X__ ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                      (specify)

    MOTION TO: _____
                      (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

Page 2 of 2

**EXHIBIT B**

**1128593**

Harris County - County Civil Court at Law No. 1

2/28/2019 5:59 PM
Diane Trautman
County Clerk
Harris County

## CAUSE NO. 1128593

| | | |
|---|---|---|
| Jose Contreras and Maria Contreras | § | IN THE COUNTY COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | HARRIS COUNTY, |
| | § | |
| United Property & Casualty Insurance Company | § | |
| Defendant. | § | COUNTY COURT AT LAW NO. 1 |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Andrew Santiago** who, being by me duly sworn, deposed and said:

"The following came to hand on **Feb 26, 2019, 3:19 pm**,

CITATION AND PLAINTIFF'S ORIGINAL PETITION, AND DISCOVERY REQUESTS,

and was executed at **1999 Bryan St Ste 900, Dallas, TX 75201** within the county of **Dallas** at 02:24 PM on **Thu, Feb 28 2019**, by delivering a true copy to the within named

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY, ANTOINETTE WILLIAMS, CT CORPORATION SYSTEM, REGISTERED AGENT**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Andrew Santiago
PSC #15351, Exp. 8/31/2020

BEFORE ME, a Notary Public, on this day personally appeared **Andrew Santiago**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON February 28, 2019

Notary Public, State of Texas

WENDY MARIE SANTIAGO
Notary Public, State of Texas
Comm. Expires 08-05-2021
Notary ID 7076870

**EXHIBIT B**

**1128593**

Harris County - County Civil Court at Law No. 1

3/25/2019 9:05 AM
Diane Trautman
County Clerk
Harris County

## CAUSE NO: 1128593

| | | |
|---|---|---|
| JOSE CONTRERAS AND MARIA CONTRERAS | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NO. 1 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | HARRIS COUNTY, TEXAS |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S VERIFIED ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition, and would respectfully show unto the Court the following:

### I.

### GENERAL DENIAL

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### II.

### DENIAL OF CONDITION PRECEDENT

2.1    The Policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part:

A.    NO ACTION CLAUSE

**EXHIBIT B**

2.2    The Policy specifically provides, as a condition to property loss coverage, that no suit can be brought against United Property unless the policy provisions have been complied with:

**SECTION I – CONDITIONS**

***

**C.    Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**1.**    Give prompt notice to us or your agent;

***

**4.**    Protect the property from further damage. If repairs to the property are required, you must:

**a.** Make reasonable and necessary repairs to protect the property; and
**b.** Keep an accurate record of repair expenses;

**5.**    Cooperate with us in the investigation of a claim;

***

**7.**    As often as we reasonably require:

**a.** Show the damaged property;
**b.** Provide us with records and documents we request and permit us to make copies;
**c.** Submit to examination under oath, which not in the presence of another "insured, and sign the same;

**8.**    Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

**a.** The time and cause of loss;

**b.** The interests of all "insureds" and all others in the property involved and all liens on the property;

**c.** Other insurance which may cover the loss;

2

**EXHIBIT B**

**d.** Changes in title or occupancy of the property during the term of the policy;

**e.** Specifications of damaged buildings and detailed repair estimates;

**f.** The inventory of damages personal property described in **6.** above;

**g.** Receipts for additional living expenses incurred and records that support the fair rental value loss;

\*\*\*

**F.**    **Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will set the amount of loss.

\*\*\*

**H.**    **Suit Against Us**

No action can be brought against us unless there has been full compliance with all the terms under Section **I** of this policy and the action is started within two years after the date of loss.

2.3    Plaintiffs' failure to comply with the above provisions, specifically Section C(1), C(7)(b)-(c), and the Appraisal provision and complete the appraisal process prior to filing suit, constitute a breach of the "no action" clause. Accordingly, Plaintiffs are barred from proceeding with their lawsuit and from recovering damages, attorneys' fees, interest or other amounts from United Property unless and until the policy conditions have been satisfied.

3

**B.    LOSS DURING THE POLICY PERIOD**

2.4     The Policy does not cover damages which occurred prior to Policy inception or after Policy expiration regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiffs complain did not occur during the applicable policy period, the Policy provides no coverage for same.

**C.    LOSS ABOVE THE DEDUCTIBLE**

2.5     United Property's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

**III.**

**DEFENSES**

3.1     United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

3.2     The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

3.3     United Property issued a policy of insurance to Jose Contreras, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

3.4     The Policy does not cover wear and tear, marring, deterioration; mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself; smog rust or other corrosion or dry rot; or settling, shrinking, bulging or

4

**EXHIBIT B**

expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.

3.5     The Policy does not cover loss caused by faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading compacting; materials used in repair, construction, renovation, or remodeling; or maintenance.

3.6     United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

3.7     To the extent that some or all of Plaintiffs' claims may have been fully adjusted and payment tendered, Plaintiffs are only entitled to one satisfaction or recovery for their alleged damages.

3.8     To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

3.9     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

## IV.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194.

## V.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

5

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Sarah R. Smith
    Sarah R. Smith
    Texas State Bar No. 24056346
    Sarah C. Plaisance
    Texas State Bar No. 24102361
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

    This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 25th day of March, 2019.

Matthew M. Zarghouni      *Via E-serve*
Zar Law Firm
3900 Essex Lane, Suite 1011
Houston, Texas 77027
Matt@zar-law.com
*Attorney for Plaintiffs*

                    /s/ Sarah R. Smith
                    Sarah R. Smith

6

**EXHIBIT B**

Docket Number: 1128593

| | | |
|---|---|---|
| Jose Contreras,Maria Contreras vs United | § | In the County Civil Court at Law No. 1 |
| Property & Casualty Insurance Company | § | |
| | § | Harris County, Texas |
| | § | |
| | § | |
| | § | |

### ORDER OF APPOINTMENT PURSUANT TO REFERRAL FOR MEDIATION

This case is appropriate for mediation pursuant to Tex. Civ. & Rem. Code Sec. 154, and MITCHELL KATINE is appointed a mediator in this case. The Mediator shall send this Order and the Mediator's contact information to all parties. **All parties and their counsel are directed to arrange the logistics of mediation pursuant to the Mediator's instructions.** If no agreed date can be scheduled for the mediation, then the Mediator shall select a date, and all parties shall appear as directed by the Mediator.

Each party must be present or represented by a person with authority to negotiate a settlement. **The mediation must be completed as least 2 weeks before the trial setting.**

Mediation is a mandatory, non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. The Mediator shall not be a witness, and the Mediator's records may not be subpoenaed or used as evidence.

After mediation, the Court will be advised only whether the case was RESOLVED or whether there was an IMPASSE. The goal of the mediation is an *Agreed Judgment* or other appropriate settlement of the dispute.

Fees for the mediation are to be agreed upon by the parties and the Mediator, and divided and borne equally by the parties unless agreed upon otherwise. Fees shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and counsel will be bound by the Rules for Mediation.

Each Party is encouraged to fill out an evaluation of the Mediator on the Court's website. The Mediator shall report the fees charged and collected to the Court on the link provided at www.CountyCivilCourt1.org.

**Agreed motions to substitute a mediator, should be filed within 30 days of receiving notice of this Order. Objections to mediation must be filed within 10 business days of receiving notice of this Order.**

Additional information can be found on the Court's website.

Signed on: 3/25/2019

George Barnstone
Judge Presiding

MITCHELL KATINE
1834 SOUTHMORE BOULEVARD
HOUSTON TX 77004

H011336 (Rev. 07/01/2016)

**EXHIBIT B**

**HARRIS COUNTY CLERKS PARTIES RECEIVING MEDIATION NOTICES**

**Docket Number:** 1128593

| | |
|---|---|
| Jose Contreras,Maria Contreras vs United Property & Casualty Insurance Company §<br>§<br>§<br>§<br>§<br>§ | In the  County Civil Court at Law No. 1<br><br>Harris County, Texas |

**Mediator:**

MITCHELL KATINE
1834 SOUTHMORE BOULEVARD
HOUSTON, TX  77004
Work: 713-808-1000
Fax: 713-808-1107

**Parties:**

| Name | Bar Number | Address | Phone | Fax |
|---|---|---|---|---|
| MATTHEW ZARGHOUNI | 24086085 | Zar Law Firm<br>3900 Essex Lane Ste 1011<br>Houston TX  77027 | 713-333-5533 | |
| SARAH RUSSELL SMITH | 24056346 | LEWIS BRISBOIS BISGAARD & SMITH LLP<br>24 GREENWAY PLAZA SUITE 1400<br>HOUSTON TX  77046 | 713-659-6767 | |
| MATTHEW ZARGHOUNI | 24086085 | Zar Law Firm<br>3900 Essex Lane Ste 1011<br>Houston TX  77027 | 713-333-5533 | |
| MITCHELL KATINE | | 1834 SOUTHMORE BOULEVARD<br>HOUSTON TX  77004 | 713-808-1000 | |

H01334 (Rev. 11/06/2015)

**EXHIBIT B**

**Docket Number: 1128593**

| | | |
|---|---|---|
| Jose Contreras,Maria Contreras vs United Property & Casualty Insurance Company | § § § § § § | In the  County Civil Court at Law No. 1 |
| | | Harris County, Texas |

## ORDER

By order of this court, on 3/25/2019 MITCHELL KATINE was appointed to serve as <u>MEDIATOR</u> in this case.

The following fees were agreed upon by the parties and were paid in the amount and by whom indicated:

$_____       PAID BY _____

$_____       PAID BY _____

$_____       PAID BY _____
                       (use additional page if needed)

Respectfully submitted this _____ day of _____, _____.

_____
MITCHELL KATINE

BAR CARD NUMBER REQUIRED  _____

MITCHELL KATINE
1834 SOUTHMORE BOULEVARD
HOUSTON, TX  77004,

Approved by County Civil Court at Law No. 1

_____
Presiding Judge

RETURN TO:    DIANE TRAUTMAN
              ATTN:  CIVIL COURTS DEPARTMENT
              PO Box 1525
              Houston, TX 77251-1525

H01139A (Rev. 05/01/2011)

**EXHIBIT B**